FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 26 2016
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANDRE K. ANTROBUS,

          Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
SANITATION,

          Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**ORDER**
11-CV-5434 (CBA) (LB)

**AMON, United States District Judge:**

On November 2, 2011, plaintiff Andre K. Antrobus commenced this pro se action against the New York City Department of Sanitation ("DSNY"), (D.E. # 1 ("Compl.")), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging discrimination on the basis of his race, gender/sex, and national origin. The parties conducted discovery and DSNY requested to move for summary judgment. (D.E. # 66–68.) The Court referred the motion to the Honorable Lois Bloom, United States Magistrate Judge, for Report and Recommendation ("R&R"), (D.E. dated Mar. 24, 2015), and Magistrate Judge Bloom granted DSNY's request to move for summary judgment, (D.E. # 70). The parties filed briefing relating to the summary judgment motion, and in his opposition to DSNY's motion for summary judgment, Antrobus attached an "Amended Complaint." (See D.E. # 84-1.)

On February 25, 2016, Magistrate Judge Bloom issued a thorough and well-reasoned R&R recommending that DSNY's motion for summary judgment be granted. (D.E. # 90 ("R&R").) Magistrate Judge Bloom liberally construed the amended complaint attached to Antrobus's opposition papers as a request for leave to amend his complaint, and recommended that this request be denied. (Id. at 21.) Timely objections to the R&R were received from Antrobus, (see D.E. # 92), and DSNY has submitted a response to Antrobus's objections, (see D.E. # 95).

1

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). If a party "makes only conclusory or general objections, or simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barrat v. Joie, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citations and internal quotation marks omitted). Furthermore, even in a de novo review of a party's specific objections, the Court will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (citation and internal quotation marks omitted).

Although "[t]he objections of parties appearing pro se are generally accorded leniency and should be construed to raise the strongest arguments that they suggest," Williams v. Woodhull Med. & Mental Health Ctr., 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012) (quoting 28 U.S.C. § 636(b)(1)), "even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party can be

2

allowed a second bite at the apple by simply relitigating a prior argument," Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation and internal quotation marks omitted). Moreover, even in the context of a pro se litigant, "an objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." Snyder v. Perry, No. 14-CV-2090 (CBA) (RER), 2015 WL 1262591, at *2 (E.D.N.Y. Mar. 18, 2015) (quoting Williams, 891 F. Supp. 2d at 310 (internal quotation marks omitted)). Where parties file general objections, the Court need only determine whether the R&R's analysis is clearly erroneous. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

Here, no matter how leniently Antrobus's filing is construed, it does not object to any substantive component of the R&R. Rather, Antrobus's arguments are merely reiterations of the earlier arguments and allegations that he raised in his summary judgment papers and other filings he has made in this action. Accordingly, review is for clear error. The Court has reviewed the record and, finding no clear error, adopts the R&R as the opinion of the Court.

The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED.

Dated: September 26, 2016  
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon  
United States District Judge